ELAM LOOMIS, APPELLANT, *v.* LE ROY MOWRY, JOHN T. MASTERS AND WARREN BRIGGS, RESPONDENTS.

*Complaint — cause of action — Presumption — that the face of a note is its value.*

Where a complaint alleged that defendants received from the plaintiff his promissory note for $534, indorsed by one Sanborn, upon the agreement that they would return the same before maturity; the maturity of the note; a failure to return the same and a sale thereof by defendants before maturity, *held*, that it stated facts sufficient to constitute a cause of action.

The presumption is, that the value of a promissory note is the face thereof.

APPEAL from an order dismissing the complaint, herein, on the ground that it did not state facts sufficient to constitute a cause of action. The complaint alleged " that in September, 1870, said defendants received of plaintiff his promissory note in writing, dated August 1st, 1870, whereby he promised to pay to the order of J. K. Sanborn, four months after date, $534, at the First National Bank of Waterbury, and which said note was indorsed by said J. K. Sanborn.

That said defendants received said note upon the agreement, that same should be returned to plaintiff before the maturity of said note.

That said note matured and became payable on the 4th day of December, 1870, and before the commencement of this action. That said defendants have not returned said note to plaintiff, but before maturity thereof sold and disposed of said note at the Washington County Bank.

That said note was of the value of $534."

*Hughes & Northup,* for the appellant.

*U. G. Paris,* for the respondents.

LEARNED, P. J. :

We think that the nonsuit on the plaintiff's opening was erroneous.

Under the complaint it might have been shown that the plaintiff had delivered his negotiable note, with Sanborn's indorsement, to the defendants on their agreement to return it to him before maturity ; that they had neglected so to return it, and had placed it out of their power so to do by disposing of it before maturity to a *bona fide* holder. The note is alleged to be of the value of its face. The defendants insist that such allegation may only mean that Sanborn's indorsement gave it that value. But, even if this were so, it might be that the plaintiff was bound to protect Sanborn. And, at any rate, the general principle is settled, that the value of a promissory note is *prima facie* its face. (*Potter* v. *Merchants' Bank*, 28 N. Y., 641.)

According to the complaint, which must have been taken as admitted, the defendants have made the plaintiff liable to an action for the amount of that note. There must be a right of recovery for that wrongful act, even though it should be possible for the defendants, on the trial, to reduce the damages from the *prima facie* amount. If the plaintiff could not sue the defendant until he had been himself sued on the note, his right of action might be outlawed.

BOCKES, J. :

The complaint was dismissed on the ground that it did not state a cause of action.

Considered as an action on contract, the complaint states a valid agreement between the parties, performance by the plaintiff, and a breach on the part of the defendants. These averments give a cause of action ; at least for nominal damages. And considered as an action in tort for the misappropriation of a note, the complaint avers the misappropriation, and with the other facts stated, shows a right of recovery. It is urged that it is not made to appear that the plaintiff suffered damage. The claim is for the non-return or misappropriation of a promissory note.

The presumption is, that the note is of the value of the sum promised thereby to be paid. (28 N. Y., 641, and cases there cited.)

We are of the opinion that sufficient was alleged in the complaint to put the case on its merits, without here determining whether it must be held to be an action of assumpsit or tort; although we think the action might well be sustained, on the facts alleged, as an action of assumpsit.

There must be a new trial, with costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

New trial granted, costs to abide event.